IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| FRES OQUENDO, an individual,<br><br>           Plaintiff,<br><br>   vs.<br><br>WORLD BOXING ASSOCIATION, a foreign non-profit corporation,<br><br>           Defendant. | CASE NO. 1:21-CV-00270<br><br>JUDGE ANDREA WOOD |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT WORLD BOXING ASSOCIATION'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

**PRELIMINARY STATEMENT**

Defendant World Boxing Association ("WBA" or "Defendant") moves to dismiss the above-named action pursuant to Federal Rules of Civil Procedure (F.R.C.P) 12(b)(1), 12(b)(2), 12(b)(3), 12(b)(6), and 12(b)(7). The Complaint fails to allege any basis for this Court to exercise subject matter jurisdiction over the dispute, personal jurisdiction over the WBA, or proper venue in the Northern District of Illinois. The Complaint further fails to state a claim upon which relief can be granted, seeks moot injunctive relief, and fails to join necessary parties. For all these reasons, it is fatally deficient and must be dismissed.

On its face, the Complaint acknowledges that this Court lacks jurisdiction. Plaintiff Fres Oquendo alleges that this Court has jurisdiction to hear the Complaint "under RCW, [sic] Chapters 7.40, 7.24, and pursuant to contract." Complaint ¶ 3. RCW chapters 7.40 and 7.24 are the Revised Code of Washington chapters concerning injunctive and declaratory relief. Neither of these Washington State statutory chapters has anything to do with federal jurisdiction or provides any basis for a federal court located in the Northern District of Illinois to exercise jurisdiction over this dispute. Further, the Complaint contains *no* allegations that Illinois courts may exercise personal jurisdiction

over the WBA, a Washington corporation[1] with its principal place of business in Panama City, Panama. Declaration of Gilberto J. Mendoza ("Decl." ¶2)).

Next, the Complaint alleges that venue is proper in this Court because "Plaintiff and Defendant are citizens of different states and the amount in controversy exceeds the sums or values pursuant to statute." Complaint ¶4. Plaintiff presumably intends this allegation as a statement of subject matter jurisdiction under 28 U.S.C. § 1332, as it contains no explanation as to why venue is proper in this Court under venue statute 28 U.S.C. § 1391.

Plaintiff's claims must also be dismissed because he has not sought relief via the internal process mandated by the WBA rules, his claims for injunctive relief are moot, he has not explained any basis for why he is entitled to monetary damages, and he has failed to join required parties.

## LEGAL ANALYSIS

**a)** **This Court Does Not Have Subject Matter Jurisdiction Over the Dispute as Required by F.R.C.P. 12(b)(1)**

"Under Rule 12(b)(1), the plaintiff bears the burden of establishing subject matter jurisdiction." *Lindell v. Landis Corp. 401(k) Plan*, 640 F. Supp. 2d 11, 14 (D.D.C. 2009). Federal district courts possess original jurisdiction "of all civil actions where the matter in controversy exceeds the sum or value of $75,000" and the parties are of diverse citizenship. 28 U.S.C. § 1332.

In a motion to dismiss under Rule 12(b)(1), "the moving party may either attack the pleadings on its face or present extrinsic evidence for the district court's consideration." *Prime Healthcare Servs., Inc. v. Humana Ins. Co.*, 230 F. Supp. 3d 1194, 1202 (C.D. Cal. 2017). In determining subject matter jurisdiction, "the court is permitted to look at evidence in the record beyond simply those facts alleged in the complaint…" *Ambraco, Inc. v. Bossclip B.V.*, 570 F.3d 233, 239 (5th Cir. 2009).

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by

---

[1] The complaint inaccurately alleges that the WBA is "organized under the law of the State of Pennsylvania." Complaint ¶ 2.

Constitution and statute." *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377, 114 S. Ct. 1673, 128 L. Ed. 2d 391 (1994). "It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Id.* (internal citation omitted). To allege jurisdiction over this dispute, Plaintiff relies exclusively on irrelevant Washington State statutes and an unspecified "contract." None of these bases have anything to do with federal jurisdiction. Because Plaintiff has not even attempted to show any basis for this Court to exercise its limited jurisdiction over this matter, the complaint must be dismissed under F.R.C.P. 12(b)(1).

The Complaint does allege that venue is proper in this district because "Plaintiff and Defendant are citizens of different states and the amount in controversy exceeds the sums or values pursuant to statute." Complaint ¶4. To be sure, a plaintiff may meet the amount in controversy requirement "by simply alleging a plausible amount in controversy." *Ware v. Best Buy Stores, L.P.*, 6 F.4th 726, 733 (7th Cir. 2021). But Plaintiff has not done this—the complaint does not allege any specific damages to Plaintiff or request any specific amount. A boilerplate statement that "the amount in controversy exceeds the sums or values pursuant to statute" is not a "plausible story about how the amount in controversy exceeded the statutory minimum" and is insufficient for federal jurisdiction. *Id.* (citing *Blomberg v. Service Corp., International*, 639 F.3d 761, 763 (7th Cir. 2011)). The prayer for relief focuses on an injunction and only seeks, in the alternative, "damages in an amount proven at trial." Complaint, p. 7.

      **b)**     <u>**Plaintiff's Claim for Injunctive Relief is Moot**</u>

In addition to the inadequacies in the Complaint, this Court lacks subject matter jurisdiction to resolve a moot dispute. *See North Carolina v. Rice*, 404 U.S. 244, 246, 92 S. Ct. 402, 30 L. Ed. 2d 413 (1971) ("Mootness is a jurisdictional question because the Court 'is not empowered to decide moot questions or abstract propositions.'" (quoting *United States v. Alaska S.S. Co.*, 253 U.S. 113, 116, 40

S. Ct. 448, 64 L. Ed. 808 (1920))). The event Plaintiff seeks to enjoin, Complaint ¶27, was scheduled for nearly a year ago and never occurred. Moot "cases must be dismissed for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure." *Lindell*, 640 F. Supp. 2d at 14.

### c) This Court Lacks Personal Jurisdiction over the WBA and Should Dismiss the Complaint Pursuant to F.R.C.P. 12(b)(2)

The Plaintiff bears the burden of proof by a preponderance of evidence that this Court has jurisdiction over the Defendant. *See Kernan v. Kurz-Hastings, Inc.*, 175 F.3d 236, 240 (2d Cir. 1999). In making this determination, a district court sitting in a diversity case[2] applies the forum state's law. *See Wilson v. Humphreys (Cayman) Ltd.*, 916 F.2d 1239, 1243 (7th Cir. 1990), quoting *Turnock v. Cope*, 816 F.2d 332, 334 (7th Cir. 1987) (abrogated on other grounds).

Illinois courts follow a two-step process, "first determining whether a specific statutory provision of [the long-arm statute] has been satisfied, and then determining whether the due process requirements of the United States and Illinois Constitutions have been met." *Russell v. SNFA*, 987 N.E.2d 778, 784 (Ill. 2013).

Under the Illinois long-arm statute, 735 Ill. Comp. Stat. Ann. § 5/2-209, a person submits to jurisdiction in Illinois by performing any of a number of listed activities in the state. The Complaint does not allege that the WBA transacted any business in Illinois, *Id.* § 5/2-209(a)(1), made or performed a contract in Illinois, *Id.* § 5/2-209(a)(7), or performed any act whatsoever in the State of Illinois.[3] Therefore, Plaintiff has failed to meet the first required showing for personal jurisdiction.

---

[2] Defendant presumes that Plaintiff intends this matter to be a diversity case, but that is alleged nowhere in the complaint.

[3] To the extent Illinois courts exercise jurisdiction to the maximum permissible extent under the Illinois and United States Constitutions, 735 Ill. Comp. Stat. Ann. § 5/2-209(c), the due process limitations of personal jurisdiction are discussed below.

To comply with due process, Plaintiff must additionally show Defendant WBA has established "minimum contacts" in Illinois such that "subjecting it to litigation in Illinois is reasonable under traditional notions of fair play and substantial justice." *Russell*, 987 N.E.2d at 786. To show the required minimum contacts, a Plaintiff must prove either specific jurisdiction or general jurisdiction. *Id.* In this case, Plaintiff has not even attempted to show either.

"Specific jurisdiction requires a showing that the defendant purposely directed its activities at the forum state and the cause of action arose out of or relates to the defendant's contacts with the forum state." *Id.* at 787 (citing *Burger King Corp. v. Rudzewicz*, 471 US 462, 472, 105 S. Ct. 2174, 85 L. Ed. 2d 528 (1985)). Here, Plaintiff's complaint contains exactly one allegation touching Illinois: "Plaintiff, Fres Oquendo is a citizen of the United States, and resides in Cook County Illinois." Complaint ¶1. Plaintiff has not alleged that the parties signed a contract in Illinois, that a fight took place or was planned to take place in Illinois, or that Defendant WBA took any action of any kind in Illinois. Thus, Plaintiff has not met his burden to show specific jurisdiction over this matter in Illinois.

For largely the same reasons, Plaintiff cannot establish general jurisdiction over the defendant in Illinois. The Seventh Circuit Court of Appeals has held that "[t]he threshold for general jurisdiction is high; the contacts must be sufficiently extensive and pervasive to approximate physical presence." *Tamburo v. Dworkin*, 601 F.3d 693, 701 (7th Cir. 2010). Courts generally consider a list of factors for general jurisdiction:

> (1) whether defendants maintain offices or employees in Illinois; (2) whether defendants send agents into Illinois to conduct business; (3) whether defendants have designated an agent for service of process in Illinois; (4) whether defendants advertise or solicit business in Illinois; and (5) the extent to which defendants conduct business in Illinois.

*Richter v. INSTAR Enterprises Int'l, Inc.*, 594 F. Supp. 2d 1000, 1006 (N. D. Ill. 2009).

Plaintiff has not alleged that WBA has ever had *any* contacts with Illinois, much less contacts "sufficiently extensive and pervasive to approximate physical presence." *Id.* Any occasional and intermittent contacts that Defendant WBA may have had in the state of Illinois do not qualify as being "so continuous and systematic as to render them essentially at home in the forum State," as is required

for general jurisdiction. *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919, 131 S. Ct. 2846, 180 L. Ed. 2d 796 (2011) (internal citations omitted). Occasional contacts are "insufficient to establish general jurisdiction." *Bolger v. Nautica Int'l, Inc.*, 369 Ill. App. 3d 947, 951-52 (2d Dist. 2007).

Nor could Plaintiff show that Illinois courts could exercise personal jurisdiction over the WBA in this matter. The WBA is not registered to do business in Illinois. The WBA does not maintain employees in Illinois. The WBA does not maintain any bank account in Illinois. The WBA does not solicit business in Illinois. Finally, the WBA does not sell anything directly to Illinois customers. Decl. ¶¶3-7.

d) **<u>Venue is Improper in this Court Pursuant to F.R.C.P. 12(b)(3)</u>**

Proper venue is governed by 28 U.S.C. § 1391(b). That statute provides three standards, under any of which venue may lie for a civil action. Under that statute, a civil action "can be brought in –

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

*Id.*

When venue is challenged, the court must determine whether the case falls within one of the three categories set out in § 1391(b). If it does, venue is proper; if it does not, venue is improper, and the case must be dismissed or transferred under 28 U.S.C. § 1406(a). *Atlantic Marine Const. Co., Inc. v. U.S. Dist. Court for Western Dist. of Texas*, 571 U.S. 49, 55, 134 S. Ct. 568, 187 L. Ed. 2d 487 (2013). As with personal and subject matter jurisdiction, the plaintiff bears the burden of proving that venue is proper. *Interlease Aviation Investors II (Aloha) L.L.C. v. Vanguard Airlines, Inc.*, 262 F. Supp. 2d 898, 913 (N. D. Ill. 2003). In this matter, Plaintiff has not even alleged that any of the three bases for venue are met—he contends only that "Venue is proper in this court because the Plaintiff and

Defendant are citizens of different states and the amount in controversy exceeds the sums or values pursuant to statute." Complaint ¶4.

As stated above, the WBA does not reside in Illinois; it is a Washington corporation with its principal place of business in Panama. *See* Decl. ¶2.

Second, "no events or omissions giving rise to the claim" occurred in Illinois. (Decl., ¶8).

Third, as the action may otherwise have been brought in the United States District Court, Western District of Washington, Tacoma Division, the third prong of 28 U.S.C. §1391 is not implicated.

Fourth, the WBA rules, which Oquendo as a WBA member is "under the obligation to know and be familiar with," WBA Rule C.14. (Decl., ¶12), include a forum selection clause specifying that "[v]enue shall lie in the courts of Pierce County, State of Washington, United States of America." WBA Rule F.18.b (Decl., ¶16). In his own Complaint, the Plaintiff admits that he "has a contractual relationship with the WBA that incorporates the Rules of World Boxing Association (sic)." Complaint, ¶10. Therefore, because the parties have agreed to the venue clause of the WBA Rules, Oquendo should be barred from bringing a federal district court action in any district other than the Western District of Washington, which includes Pierce County. *See In re Mathias*, 867 F.3d 727, 731 (7th Cir. 2017) ("'The enforcement of valid forum-selection clauses, bargained for by the parties, protects their legitimate expectations and furthers vital interests of the justice system.'" (quoting *Atlantic Marine Const. Co. v. U.S. Dist. Court for the W. Dist. Of Texas*, 571 U.S. 49, 63, 134 S. Ct. 568, 187 L. Ed. 2d 487 (2013))).

The Court should dismiss the Complaint pursuant to 28 U.S.C. § 1391. In the alternative, should the Court determine not to dismiss the Complaint, the WBA requests transfer to the Western District of Washington pursuant to the binding forum selection clause in the WBA rules. *See id.* (discussing procedure for 28 U.S.C. § 1404(a) transfer to enforce a valid forum selection clause).

    e) **The Complaint Fails to State a Claim Upon Which Relief Can Be Granted Pursuant to F.R.C.P. 12(b)(6)**

Plaintiff's Complaint fails to state a claim upon which relief can be granted under F.R.C.P. 12(b)(6). Both the request for injunctive relief and the request for damages are insufficient under the rules.

First, the request for injunctive relief asks this court to enjoin a heavyweight boxing bout that had been scheduled for January 29, 2021 between Manuel Charr and Trevor Bryan. *See* Complaint ¶27. That date has passed and that bout did not occur.[4] Indeed, that date already had passed at the time Plaintiff filed this Complaint on June 23, 2021. The request for a preliminary injunction obviously is untimely. A court cannot enjoin an event that predates the time for requested relief. Further, as discussed above, federal courts are not empowered to decide moot questions. *Rice*, 404 U.S. at 46.

Second, Plaintiff has not adequately alleged violation of any specific contract between himself and the WBA, nor has he provided any basis for calculation of damages. Plaintiff claims only that "the WBA has been stopping him" from boxing and claims that fights have been cancelled due to steroid use. Complaint ¶¶14-27. He does not identify any specific breach of any specific contract by the WBA, nor does he show how such a breach harmed him. He provides no dollar amount he believes he has been damaged, nor any basis for calculating damages. Plaintiff's request for monetary relief fails to state a claim upon which relief can be granted. *See Ashcraft v. Iqbal*, 556 U.S. 662, 679, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) ("[O]nly a complaint that states a plausible claim for relief survives a motion to dismiss.").

f) **Plaintiff Has Failed to Exhaust Administrative Remedies and Thus Fails to State a Claim Under F.R.C.P. 12(b)(6)**

As Plaintiff acknowledges, the WBA provides "rules and regulations governing world championship fights" and Plaintiff "has a contractual relationship with the WBA that incorporates the

---

[4] Pursuant to subsequent Resolutions and a Purse Bid Award, a Charr-Bryan bout also was scheduled for January 29, 2022, but contracts for that bout were not finalized.

Rules of World Boxing Association." Complaint ¶¶5, 10. Those very rules provide an internal adjudicative process for resolution of exactly the type of dispute Plaintiff now sues over. Plaintiff's failure to engage with or seek relief via that process provides another reason this Court should dismiss his complaint. *See Santiago v. United Air Lines, Inc.*, 77 F. Supp. 3d 694, 702-03 (N.D. Ill. 2014) (requiring employee to "at least *attempt* to exhaust exclusive grievance and arbitration procedures established" by a bargaining agreement before seeking relief in court (quoting *Vaca v. Sipes*, 386 U.S. 171, 184, 87 S. Ct. 903, 17 L. Ed. 2d 842 (1967))); *see also Dep't of Recreation v. World Boxing Ass'n*, 942 F.2d 84, 87 (1st Cir. 1991) ("[T]he complaining party must have exhausted the internal remedies afforded by the organization or show that it would have been futile to do so.").

Some Circuits consider failure to exhaust administrative remedies a jurisdictional bar under F.R.C.P. 12(b)(1), *see, e.g.*, *Valadez-Lopez v. Chertoff*, 656 F.3d 851, 855 (9th Cir. 2011), while others, including the Seventh Circuit, do not label it "jurisdictional" but view it as a "'condition precedent to the plaintiff's ability to prevail.'" *Smoke Shop, LLC v. United States*, 761 F.3d 779, 786-87 (7th Cir. 2014) (quoting *Kanar v. United States*, 118 F.3d 527, 530 (7th Cir. 1997)). "[T]here is not much of a practical difference between" the two procedural approaches; in either case, failure to exhaust administrative remedies is fatal to the Plaintiff's Complaint. *Id.* at 787. In *Smoke Shop*, "the district court correctly dismissed the complaint pursuant to Rule 12(b)(6)." *Id.* at 782 n.1.

Chapter F of the WBA Rules provides the procedures for requests for reconsideration and appeals of all decisions by the WBA Ratings Committee or Championships Committee. Decl. ¶¶12-14. "Failure to timely request reconsideration shall constitute a waiver by the boxer and his agents of any and all rights or claims. No additional remedy may be sought from a court of law." WBA Rule F.5.b. The rules also provide an appellate process of ratings, championship, and "other decision[s] not subject" to the request for reconsideration process. WBA Rule F.6.c.

Plaintiff has not made any effort to pursue his claims via the contractually-required WBA internal process for adjudicating disputes over ratings and bouts. *See* WBA Rules Chapter F; Decl. ¶19.

9

Thus, like the plaintiff in *Santiago* and *Smoke Shop*, his complaint must be dismissed for failure to exhaust administrative remedies under F.R.C.P 12(b)(6).

### g) **Plaintiff Has Not Joined Required Parties Pursuant to F.R.C.P. 12(b)(7)**

The Complaint asks this Court to take action that would adversely affect the current ranking and status of two boxers not before this Court—Charr and Bryan—and would deleteriously affect any rights they have to their ratings and to championship status. *See* Complaint ¶27. Due to their interests in their respective ratings and status, Charr and Bryan qualify as "Required Parties" under F.R.C.P. 19(a)(1) and Plaintiff has not even attempted to join them to this matter. (Decl., ¶9). Because Plaintiff failed to join required parties, this Court should dismiss the Complaint in accordance with F.R.C.P. 12(b)(7).

This Court cannot grant Oquendo's requested relief without adversely affecting either Charr or Bryan. (Decl., ¶9). They both arguably have "an interest relating to the subject of the action and [are] so situated that disposing of the action" in their absence could "impair or impede" their "ability to protect" their interests. Such a disposition would also leave the WBA "subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest." F.R.C.P. 19(a)(1).

It has been held "that the Due Process Clause of the Fourteenth Amendment fully applies to the actions of the WBA." *Duva v. World Boxing Association*, 548 F. Supp. 710, 718 (D.C.N.J. 1982). Therefore, any boxer is "entitled to rely on his ranking and on the benefits that go with it under the WBA Regulations." *Id.* Any suspension of a boxer or removal of his title could only be made by exercise of the WBA's discretion, and "such discretion must be exercised in accordance with procedural due process." *Id.*, at 721.

Rule 19 draws a "fundamental distinction between two kinds of missing parties: those whose joinder is feasible and those whose joinder is not feasible, because it would defeat subject-matter jurisdiction, or the party is beyond the personal jurisdiction of the court, or the party has and makes a

valid objection to venue." *Askew v. Sheriff of Cook County,* 568 F.3d 632, 634-35 (7th Cir. 2009). Here, Charr is a citizen of the Federal Republic of Germany and Bryan is a resident of the State of Florida. (Decl. ¶9). Plaintiff has not provided any basis by which this Court could exercise personal jurisdiction over either of these necessary parties. Thus, because continuing this matter in their absence would not be "consistent with equity and good conscience," this matter must be dismissed. *Id.* at 635 (citing F.R.C.P. 19(b)).

## CONCLUSION

For all of the reasons stated above, Defendant respectfully requests that the Court dismiss the Complaint in this matter and grant such other and further relief as it deems appropriate.

Dated this 13th day of January 2022.

Respectfully submitted,

By: *//s// Robert E. Mack*
    *Attorneys for Defendant*
    *World Boxing Association*
    Joel Pelz
    Jenner & Block LLP
    353 N. Clark Street
    Chicago, IL 60654-3456
    Telephone: (312) 222 9350
    Facsimile: (312) 840-7609
    jpelz@jenner.com

    Robert E. Mack, Pro Hac Vice
    Smith Alling, P.S.
    1501 Dock Street
    Tacoma, WA 98402
    Telephone: (253) 627-1091
    Facsimile: (253) 627-0123
    rmack@smithalling.com